UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TIBOR SEBESTYEN,**

      **Plaintiff,**

                                      **Case No. 2:17-cv-550**
    **v.**                                   **Judge Michael H. Watson**
                                      **Magistrate Judge Elizabeth P. Deavers**

**DR. JOHN GARDNER,** *et al.*,

      **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Tibor Sebestyen, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against the Ohio Department of Rehabilitation and Corrections ("ODRC") and employees at Chillicothe Correctional Institution ("CCI") and London Correctional Institution ("LoCI") (collectively, "the Individual Defendants"). (ECF No. 4.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against the ODRC, the claims against Defendants Charlotte Jenkins, C.O. Long, J. Noble, and Mr. Ferrell, and the claims for

1

money damages against the remaining Individual Defendants in their official capacities and that Plaintiff be permitted to proceed with his remaining claims.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

---

[1]Formerly 28 U.S.C. § 1915(d).

2

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

According to the Complaint and the attached exhibits, on or around December 19, 2016, Plaintiff was transferred from CCI to LoCI, which is where he is presently incarcerated. (ECF No. 4.) Construing the Complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court presumes that Plaintiff advances claims under 42 U.S.C § 1983 based upon his alleged lack of proper notice of his annual security review, his transfer to LoCI, and certain alleged events regarding his contact lenses. (ECF No. 4.) Although Plaintiff does not specify whether he sues the Individual Defendants in their personal and official capacities, the Court will assume that Plaintiff intends to sue these Defendants in both capacities. *Cf. id*. Plaintiff seeks monetary damages and non-monetary relief. (ECF No. 4 at PAGEID # 102.)

Plaintiff has failed to state plausible claims for relief against ODRC and against the Individual Defendants in their official capacities for damages. The Eleventh Amendment of the United States Constitution operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). ODRC is an instrumentality of the state of Ohio. *Lowe v. Ohio Dep't of Rehab.*, No. 97-3971, 1998 WL 791817, at *2 (6th Cir. Nov. 4, 2008). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Further, ODRC is not a "person" who can be held liable under § 1983. *Diaz v. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013). Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims against

ODRC and of his claims for damages against the Individual Defendants in their official capacities is appropriate. *See Puckett v. Lexington-Fayette Urban Cty. Gov't,* 833 F.3d 590, 598 (6th Cir. 2016) (stating that immunity applies to state officials sued in their official capacity for money damages because "'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' *i.e.*, against the state itself") (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under § 1915(e), explaining that the department and the prison were entitled to Eleventh Amendment immunity); *Harrison*, 722 F.3d at 771 (same).

In addition, to the extent that Plaintiff also alleges that Defendants Charlotte Jenkins, C.O. Long, J. Noble, and Mr. Ferrell may be held liable in this cause of action, Plaintiff's allegations are insufficient to state an actionable claim under § 1983. Plaintiff names these individuals in the caption and in the list of Defendants (Compl., at PAGEID ## 97, 100), but the Complaint contains no factual allegations against any of them. Accordingly, Plaintiff has alleged no set of facts that would constitute a cause of action against Defendants Jenkins, Long, Noble, and Ferrell.

### III.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's claims against the ODRC, the claims against Defendants Charlotte Jenkins, C.O. Long, J. Noble, and Mr. Ferrell, and the claims for money damages against the remaining Individual Defendants in their official capacities be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief on which relief can be granted. It is further **RECOMMENDED** that Plaintiff be permitted to proceed with his remaining claims. The Court expresses no opinion as to the merits

of Plaintiff's remaining claims.  The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: November 22, 2017  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE