# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Tibor Sebestyen,

    Plaintiff,

v.

Dr. John Gardner, *et al.*,

    Defendants.

Case No. 2:17-cv-550

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Tibor Sebestyen ("Plaintiff") is a state inmate proceeding without the assistance of counsel. He filed this action against the Ohio Department of Rehabilitation and Corrections ("ODRC") and employees at Chillicothe Correctional Institution ("CCI") and London Correctional Institution ("LoCI") (collectively, "the Individual Defendants"). Magistrate Judge Deavers issued a report and recommendation ("R&R") granting Plaintiff's motion to proceed *in forma pauperis* ("IFP") and, after conducting an initial screening of his Complaint pursuant to 28 U.S.C. § 1915(e), recommending partial dismissal of Plaintiff's claims. R&R, ECF No. 8. Specifically, Judge Deavers recommended dismissing Plaintiff's claims against ODRC; all claims against Defendants Charlotte Jenkins ("Jenkins"), C.O. Long ("Long"), J. Noble ("Noble"), and Mr. Ferrell ("Ferrell"); and the claims for money damages against the remaining Individual Defendants in their official capacities. *Id.* Plaintiff filed a timely objection. ECF No 11.

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Plaintiff objects to the magistrate judge's characterization of the cause of action as being brought under 42 U.S.C. § 1983 and to her recommendation to deny requests for money damages against the Individual Defendants as well as the official-capacity claims against them and ODRC. *See generally* Obj., ECF No. 11. Instead, Plaintiff contends that he brought this lawsuit under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, alleging he is a visually impaired individual and is entitled to protections under the ADA. *Id.* at 1. He cites to *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998) to support his contention that the ADA applies to prisons. He asserts that, because he is bringing an ADA claim, the claims for monetary damages against ODRC and the Individual Defendants are not barred by Sovereign Immunity under the Eleventh Amendment. *Id.* at 5.

Plaintiff's objection to the R&R is not well-taken. Plaintiff's Complaint is devoid of any cause of action, and the magistrate judge liberally construed it to

be a claim under § 1983. *See* R&R 4, ECF No. 8. To the extent he is seeking to amend his Complaint to now assert an ADA claim, such an amendment is impermissible after the magistrate judge has conducted an initial screen. *See Moniz v. Hines*, 92 F. App'x 208, 212 (6th Cir. 2004) ("[A] district court may not permit a plaintiff to amend his complaint to defeat dismissal under 28 U.S.C. §1915(e)(2)." (citations omitted)).

But regardless, even if this is properly construed as an ADA action instead of a §1983 action, Plaintiff has failed to state a claim under either cause of action with respect to ODRC, the Individual Defendants in their official capacities for money damages, and against Defendants Jenkins, Long, Noble, and Ferrell.

Title II of the ADA provides "that no qualified individual with disability shall, because of that disability, 'be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Mingus v. Butler*, 591 F.3d 474, 481–82 (6th Cir. 2010) (quoting 42 U.S.C. § 12132). To establish a prima facie case of discrimination under the ADA, a plaintiff must prove that: "(1) [he] has a disability; (2) [he] is otherwise qualified; and (3) [he] is being excluded from participation in, being denied benefits of, or being subjected to discrimination under the program solely because of his disability." *Tucker v. Tennessee*, 539 F.3d 526, 532 (6th Cir. 2008) (internal citations and quotations omitted). But it is not enough to assert general allegations of discrimination; rather, Plaintiff must allege that the discrimination was intentionally directed towards him in particular. *Id.* Finally, Plaintiff is correct

that the ADA extends to state prisons under *Yeskey*, 524 U.S. at 213, but individual prison officials cannot be held individually liable under the ADA. *Cox v. Jackson*, 579 F. Supp. 2d 831, 850 (E.D. Mich. 2008) (concluding that "public entity" under the ADA does not include individual prison officials).

Here, Plaintiff's objection fails to demonstrate that the magistrate judge erred in construing his claim under § 1983, and in any event, the Court finds upon *de novo* review that he failed to state a claim under either the ADA or § 1983 with respect to the at-issue Defendants. In his objection, Plaintiff merely details his dissatisfaction with the medical treatment he is receiving at LoCI and previously received at Franklin Medical Center. Specifically, he notes that the doctors keep getting his vision prescription wrong, that the hard contact lenses prescribed hurt his eyes, and that the commissary does not stock hard contact lens solution, the lack of which is cruel and unusual punishment under the Eighth Amendment. *Id.* at 4–5. But a disagreement over the adequacy of treatment does not amount to an ADA violation. Nowhere has he alleged that his poor vision is a disability or, assuming he has a qualifying disability, that he is being denied services, programs, or activities by the prisons *because of his disability*. Thus, the Court finds that the magistrate judge was correct to not construe his claims as arising under the ADA.

Likewise, the Court finds no error with the magistrate judge's recommendations to dismiss certain Defendants under § 1983 and the Eleventh Amendment. The magistrate judge is correct that prison officials sued in their

official capacities pursuant to § 1983 are entitled to Eleventh Amendment Sovereign Immunity, as are state entities such as ODRC.

Under § 1983, a plaintiff must demonstrate "(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (internal citations and quotations omitted). Prisoners have a right to adequate medical treatment under the Eighth Amendment, but the prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).

Here, by Plaintiff's own admission, the actions he raises on objection and otherwise alleges in his Complaint against these Defendants do not amount to deliberate indifference. With respect to Defendants Jenkins, Long, Noble, and Ferrell, the magistrate judge correctly concluded that Plaintiff's Complaint did not contain any factual allegations against them. R&R 5, ECF No. 8. Plaintiff indicates in his objection that Defendants Long and Ferrell "were negelent [*sic*] in there [*sic*] duties by not stocking the proper contact lens solutions" but does not include any other factual allegations against them or mention Defendants Jenkins and Noble at all. But an allegation that a doctor has been negligent is not enough to state a claim for deliberate indifference under the Eighth Amendment. *Estelle*, 429 U.S. at 106. Nor is a disagreement over treatment enough. *See Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) ("Where a prisoner has

received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Thus, Plaintiff's objection with respect to Defendants Jenkins, Long, Noble, and Ferrell is meritless. Similarly, because the Court finds that this is not an action under the ADA, the magistrate judge was correct is dismissing his claims against ODRC and the Individual Defendants in their official capacities for money damages under the Eleventh Amendment. *See Cady v. Arenac Cty.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit [for money damages] against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver.").

Accordingly, the Court **OVERRULES** Plaintiff's objection, **ADOPTS** the R&R, and **DISMISSES** Plaintiff's claims against the ODRC, the claims against Defendants Jenkins, Long, Noble, and Ferrell, and the claims for money damages against the remaining Individual Defendants in their official capacities pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is permitted to proceed with his remaining claims.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**