UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tibor Sebestyen,

    Plaintiff,

v.

Dr. John Gardner, *et al.*,

    Defendants.

Case No. 2:17-cv-550

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Tibor Sebestyen ("Plaintiff"), an inmate proceeding *pro se*, sues Defendants under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). Am. Compl., ECF No. 26. The gist of Plaintiff's Amended Complaint is that he was denied contact lens solution and disinfectant solution while he was incarcerated at both Chillicothe Correctional Institution ("CCI") and London Correctional Institution ("LoCI"); he was denied access to the Ohio State University Eye Clinic; and he was denied entry into LoCI's Blind Program. *Id.* He alleges that he eventually became legally blind while incarcerated. *Id.* The only Defendants remaining in the case are Mrs. B. Higginbothim ("Higginbothim"), Health Care Administrator at CCI; Mrs. Roberta Murphy ("Murphy"), Health Care Administrator at LoCI; Mrs. Popovich ("Popovich"), an Inmate Case Worker at LoCI who is in charge of the Blind Program; and Dr. John Gardner ("Dr. Gardner"), Chief Medical Officer for the Ohio Department of Rehabilitation and Correction (collectively, "Defendants"). Plaintiff sues Higginbothim for deliberate

indifference under § 1983, and he sues Murphy, Gardner, and Popovich for deliberate indifference under § 1983 and under Title II of the ADA. R&R 2, ECF No. 70. Defendants moved for summary judgment. Mot. Summ. J., ECF No. 61.

Magistrate Judge Deavers, to whom this case was referred, issued a Report and Recommendation ("R&R") that recommended the Court grant Defendants' motion. R&R, ECF No. 70. Magistrate Judge Deavers recommended granting summary judgment to Defendants on Plaintiff's ADA claims because he cannot sue Defendants in their individual capacities under the ADA and because Plaintiff fails to raise a genuine dispute of material fact against Defendants in their official capacities under Title II of the ADA. R&R 5–6, 14–16, ECF No. 70. Specifically, Magistrate Judge Deavers concluded that Plaintiff failed to identify a specific service or program that he was denied participation in, failed to offer any evidence that any denial of participation was due to his vision impairment, and failed to adequately allege retaliation under the ADA. *Id.* at 15–16.

As for the deliberate indifference claims under § 1983, Magistrate Judge Deavers assumed that Plaintiff satisfied the objective requirement of suffering from a sufficiently serious medical need but concluded that Plaintiff offered only conclusory allegations that Defendants were subjectively aware of a serious risk and disregarded that risk. R&R 20–21, ECF No. 70. Additionally, the R&R concluded that the medical records showed Plaintiff was provided medical care for his eye condition such that his claim, at best, amounted to a disagreement as

to the proper course of treatment, which cannot form the basis for a successful deliberate indifference claim. *Id.* at 21.

Finally, the R&R recommended rejecting Plaintiff's deliberate indifference claim against Higginbothim, which was based on his transfer to LoCI. The R&R noted that Plaintiff alleged the transfer occurred in violation of ODRC policy, but a violation of prison policies does not, alone, establish a violation of § 1983. *E.g., Young Bey v. McGinnis*, No. 98-1930, 1999 WL 776312, at *2 (6th Cir. Sept. 23, 1999) (Plaintiff's [contention that the defendants failed to comply with MDOC policy, rules and regulations is not cognizable under §1983, which does not provide redress for violations of state law."). The R&R also concluded there was no evidence Higginbothim was even involved in the transfer. *Id.* at 22.

Plaintiff timely objected to the R&R. Obj., ECF No. 71. Under Federal Rule of Civil Procedure 72(b), the Court reviews *de novo* those portions of the R&R that Plaintiff specifically objected to. Fed. R. Civ. P. 72(b). The objections can be broken down as follows:

> 1. Plaintiff argues that, as an unrepresented inmate, he is prohibited from possessing a copy of his medical files and that the medical files submitted by Defendant are incomplete. Obj. 1, ECF No. 71. He contends that he needs the full medical files to prove his "true medical extent and lack of proper treatment." Obj. 1, ECF No. 71.
>
> 2. He argues that Defendants' deliberate indifference is shown through the facts that he was continuously prescribed gas permeable contact lenses when Plaintiff required non-gas-permeable lenses, was prescribed contact lenses of the wrong strength, and was told to wear glasses even though glasses did not correct his vision. *Id.* at 2. He argues that the contact lenses that he was prescribed, in addition to failing to correct his vision, caused him great pain. *Id.*

3. Plaintiff also complains that he was transferred to LoCI without first undergoing a consultation by the Chief Medical Officer. *Id.* at 3.

4. Plaintiff argues that ODRC policy shows that ODRC is responsible for paying for contact lens solution and cannot require Plaintiff to purchase the same. *Id.*

5. He argues the Collegial Review Board erred in refusing to refer Plaintiff to an ophthalmologist and in recommending an alternative care plan. *Id.*

6. Plaintiff complains that Sarah Youst and Karen Gansl, nonparties, contradicted themselves in the summaries of service dated March and April 2017. *Id.*

7. As for his ADA claim, Plaintiff argues that a Sergeant Baker, also a nonparty, refused to reclassify Plaintiff as a braille typist unless Plaintiff was first seen by Dr. Youst. *Id.* Plaintiff says Sergeant Baker reclassified other blind inmates as braille typists without requiring them to see a doctor first and that Sergeant Baker discriminated against Plaintiff because Sergeant Baker believed Plaintiff was not blind. *Id.* at 3–5. In a similar vein, Plaintiff states that both Sergeant Baker and Popovich told him that he had to fill out a reasonable accommodation form before he could be evaluated for reclassification but that no other visually impaired inmates had to fill out such a form prior to reclassification. *Id.* at 5.

8. Plaintiff also cites an October 10, 2018 statement from Dr. Youst, presumably to show Defendants' subjective knowledge of the severity of Plaintiff's medical condition. *Id.* at 5–6. He contends that the medical records show that, although he consistently received some medical treatment for his degenerative vision, the treatment was so cursory as to amount to no treatment at all. *Id.* at 7.

Plaintiff's objections are not persuasive.

Plaintiff's ADA claim fails because he did not argue until the objection stage that he was denied participation in any specific service or program. *See* R&R 15, ECF No. 70. Plaintiff failed to mention reclassification as a braille typist

in either his Amended Complaint or his response to Defendants' summary judgment motion. *See* Am. Compl., ECF No. 26; Resp., ECF No. 69. It is not until Plaintiff filed his objections to the R&R that he says he was denied the service of a braille typist. Obj. 3–5, ECF No. 70. But Plaintiff cannot raise this argument for the first time on objection, so his ADA claim fails. *Harris v. Ocwen Loan Serv., LLC*, No. 17-5399, 2017 WL 8791308, at *2 (6th Cir. Nov. 22, 2017) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate" judge (internal quotation marks and citation omitted)).

Moreover, Plaintiff's objection would not save his ADA claim even if it was timely raised. Plaintiff's argument that he was denied reclassification as a braille typist is directed partly at Popovich but also at a nonparty, Sergeant Baker. Plaintiff fails to even mention Murphy or Dr. Gardner in connection with his objection and therefore has not raised a genuine dispute of material fact as to whether those Defendants violated the ADA. Even with respect to Popovich, Plaintiff cites to no evidence to support his version of events. He cites only to his grievances, *see* Obj. 5, ECF No. 70, which are hearsay and cannot be considered for the truth of the matter asserted. And even *if* the grievances were taken as truthful, they show only that Popovich treated Plaintiff differently than other vision-impaired inmates by saying he needed to fill out a reasonable accommodation form and be evaluated by a doctor before he could be

reclassified to braille typist. Obj. 5–6, ECF No. 71. Plaintiff has offered no evidence that this different treatment was because of his disability—indeed, his assertion that other visually impaired inmates were reclassified without having to fill out such a form or be evaluated undercuts any argument that the denial of services was connected to his disability.

For all of these reasons, Plaintiff's ADA claims against Popovich, Dr. Gardner, and Murphy fail.

As for his deliberate indifference claim, Plaintiff argues that Dr. Youst's statements in Exhibit F show that Defendants were subjectively aware of Plaintiff's serious medical condition. Obj. 6, ECF No. 71. But Plaintiff does not show that Higginbothim, Dr. Gardner, Murphy, or Popovich ever saw Exhibit F let alone made any of the treatment decisions that Plaintiff believes contradicted Dr. Youst's advice. Instead, the objections describe: (1) failures by OSU Eye Physician and Surgeons, LLC to prescribe the proper contact lenses in 2016, Obj.1–2, ECF No. 71; (2) Gary Artrip, a nonparty, denying an appointment referral, *id.* at 2 (referring to ECF No. 61-3 at 24); and (3) the Collegial Review Board's failure to approve referrals, *id.* at 3 (referring to ECF No. 61-3 at 46). Plaintiff cites to no evidence that any named Defendant was involved in those decisions. It is therefore unclear what, exactly, *these* Defendants did (or failed to do) that was deliberately indifferent. In fact, Plaintiff waives any argument that Dr. Gardner or Higginbothim were deliberately indifferent because he does not even mention them in his objections. The Court therefore adopts the R&R with

respect to Gardner and Higginbothim. The Court offers the following as it relates to Popovich and Murphy and only in the alternative as it relates to Gardner and Higginbothim.

Out of an abundance of caution, the Court has reviewed all of the evidence submitted on the docket. Consistent with the above, Popovich's requiring Plaintiff to fill out a reasonable accommodation form or be evaluated prior to being reclassified as a braille typist is not deliberate indifference to a serious medical need.

The only evidence that refers to Murphy is summaries of telephone encounters, ECF No. 61-3 at 53, 68, and a prescription order that she signed, Mot. Summ. J. Ex. A, ECF No. 69-1 at 2. The summary of telephone encounters—even if admitted for the truth asserted therein—show merely that Murphy provided contact lens solution to Plaintiff but informed him that he may have to pay for it in the future and spoke to Plaintiff about an informal complaint he had filed, informing him of a future eye appointment. *See* ECF No. 61-3 at 53, 68. These are insufficient to state a claim against Murphy for deliberate indifference.

As for the prescription, Plaintiff argues that a doctor at FMC ordered contact solution be provided as needed but that Murphy reduced the order to only one bottle per month. Resp. 1, ECF No. 69. Plaintiff says he is unable to obtain the necessary portion of his medical records to prove that the doctor at FMC ordered contact solution on an as needed basis. *Id.* No additional

evidence is necessary, however, because the records already produced support Plaintiff's assertion that contact lens solution was prescribed at one bottle per month "bimonthly." Mot. Summ. J. Ex. A, ECF No. 69-1 at 2. Still, that fact is insufficient to defeat summary judgment because Plaintiff failed to cite to any evidence that Murphy purposefully or even recklessly reduced the order. Instead, as Plaintiff himself argues, Murphy's reduction on the basis that the "order was unclear," is, at most, negligent and therefore cannot serve as the basis for a deliberate indifference claim.

In sum, the evidence does not support a deliberate indifference claim against Murphy.

The only record referencing Dr. Gardner is his December 19, 2016 *approval* of Dr. Miller's November 10, 2016 recommendation that Plaintiff be moved to an institution for the vision impaired, Mot. Summ. J. Ex. A, ECF No. 61-3 at PAGEID # 695, and the objections fail to argue how Dr. Gardner was deliberately indifferent to Plaintiff's serious medical needs.

In conclusion, Plaintiff's objections are **OVERRULED**. The R&R is **ADOPTED**, and the Court **GRANTS** Defendants' motion for summary judgment, ECF No. 61. The Clerk shall enter judgment in favor of Defendants and dismiss this case.

**IT IS SO ORDERED.**

*Michael H. Watson*
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT